UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DENNISE BOLDT, INDIVIDUALLY** | § | |
| **AND AS BENEFICIARY OF THE LIFE** | § | |
| **INSURANCE POLICY ISSUED TO** | § | |
| **MICHAEL W. BOLDT (DECEASED),** | § | |
| **DENNISE BOLDT (AS EXECUTRIX** | § | |
| **OF THE ESTATE OF MICHAEL W.** | § | |
| **BOLDT (DECEASED)** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:06-cv-25** |
| | § | |
| **THE DOW CHEMICAL COMPANY** | § | |
| **VOLUNTARY GROUP ACCIDENT** | § | |
| **INSURANCE PLAN and AIG LIFE** | § | |
| **INSURANCE COMPANY** | § | |

**MEMORANDUM & ORDER**

Pending before the Court is Plaintiff's Motion for New Trial and Rehearing (Dkt. #31). After considering the motion, response, and applicable law, the Court is of the opinion that the motion should be DENIED.

**Discussion**

Under Federal Rule of Civil Procedure 59, Plaintiff moves for a new trial or reconsideration of the Court's order issued on August 15, 2007 (Dkt. #29) granting summary judgment to Defendants. When a litigant seeks reconsideration of an order granting the opposition's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment, rather than a motion for new trial pursuant to Federal Rule of Civil Procedure 59(a). *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997). As such, Plaintiff's motion will be considered a motion to alter or amend the judgment pursuant to Rule 59(e). *Id.*

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res.*

*Group, Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (internal quotations omitted). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of a judgment after its entry is an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004). A district court has considerable discretion to grant or to deny a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993). In exercising its discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).

Plaintiff urges this Court to overturn its previous ruling that under *Vega*, her late-submitted evidence could not be considered part of the administrative record. *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287 (5th Cir. 1999). She argues her failure to timely submit additional evidence to rebut AIG's decision was the result of AIG changing the reason for its decision on administrative appeal. Specifically, Plaintiff claims "since Dr. Bayardo specifically opined there was no evidence of infarction in Mr. Boldt's heart, Plaintiff did not believe additional medical evidence was necessary to show that a 'heart attack'–AIG's reason for denial–caused Mr. Boldt's accidental drowning death."[1] Plaintiff asserts it was not until AIG changed its reason for denying benefits from a heart attack to an arrhythmia that she felt it was necessary to submit additional evidence. Thus, Plaintiff contends that the Court should remand the case back to AIG and require it to consider her late-submitted evidence.

---

[1] P.'s Mot. for New Trial (Dkt. #31), p. 11.

2

Plaintiff, however, relies too heavily on Dr. Bayardo's opinion and takes the "heart attack" language in AIG's initial denial letter out of context. The letter dated May 2, 2005 stated in relevant part:

> After a careful review of the information received, we have determined that we must decline payment of this claim as it does not appear that Mr. Boldt's death was caused by an accident and resulting directly and independently of all other causes. There is no direct evidence of any unexpected or unforeseen trauma, external force or event that caused or triggered his heart attack. The death certificate noted that 'decedent lost consciousness previous to drowning as a result of cardiac arrhythmia due to an enlarged heart.' The medical examiner's report similarly states that 'it is possible that the decedent lost consciousness previously to drowning as a result of cardiac arrhythmia, due to his enlarged heart (dilated cardiomyopathy).' The autopsy also indicates that Mr. Boldt had coronary atherosclerosis and the accident report indicated that he had prior heart problems. While there was gravel in the back of his truck, there is no direct evidence that loading or unloading this gravel was unusual for Mr. Boldt or that it directly and independtly caused the cardiac arrythmia. Even if loading or unloading the gravel contributed to the heart attack, Mr. Boldt had an enlarged heart and arteriosclerosis that apparently were a direct cause of the arrythmia.[2]

After fully considering AIG's bases for its conclusion, it was clear that AIG was denying benefits because a heart complication caused Mr. Boldt to lose consciousness prior to rolling into the pond and that the drowning, therefore, was not an accident resulting directly and independently of all other causes. While Dr. Bayardo's report may have indicated that Mr. Boldt did not suffer a heart attack, AIG did not solely rely on Dr. Bayardo's opinion and found, based on all the evidence, that Mr. Boldt suffered some heart complication, not necessarily a heart attack.

Further, the Court does not find that AIG changed its reason from heart attack to an arrhythmia. In the final denial letter, dated November 4, 2005, AIG relied on much of the same evidence as it did in the initial denial adding the findings of Dr. Hubbard, who essentially agreed

---

[2] AIG 0009.

3

with the medical examiner "with some qualifications."[3] AIG cites a possible arrhythmia in both letters.

Plaintiff believes that, based on her very narrow reading of the denial letter, she is somehow excused from submitting additional evidence to refute AIG's decision within the administrative review process. The denial letter plainly stated: "The appeal must include the reason(s) she disagrees with our determination. In addition, [Plaintiff] should submit any additional information or documentation that would provide evidence that her spouse's death resulted from bodily injury caused by an accident and resulting directly and independently of all other causes."[4] Obviously, Plaintiff disagreed with the denial of benefits and it was her responsibility to show that a heart complication did not precede Mr. Boldt's drowning. The medical records and information Plaintiff submitted three months after the final decision were available to her throughout the administrative review process. Mr. Boldt's treating physician, Gulshan Minocha, M.D., also repeatedly states in her affidavit that Mr. Boldt's medical records would have been available upon request, but blames AIG for failing to request the records.[5] The Fifth Circuit has made clear that it is not the responsibility of the claims administrator to do an investigation into medical records that are just as accessible to Plaintiff. *See Vega*, 188 F.3d at 298 ("There is no justifiable basis for placing the burden solely on the administrator to generate evidence relevant to deciding the claim, which may or may not be available to it, or which may be more readily available to the claimant.").

Plaintiff also argues that AIG's failure to timely provide Dr. Hubbard's report prevented her from timely submitting Mr. Boldt's medical records and his treating physician's report. However,

---

[3] AIG 0003.

[4] AIG 0009.

[5] P.'s Mot. for New Trial (Dkt. #31), Affidavit of Gulshan Minocha, M.D.

4

AIG's failure to provide Dr. Hubbard's report had no bearing on Plaintiff's total failure to submit evidence within the administrative process.  Dr. Hubbard was the reviewing physician during the administrative appeal process and therefore, the treating physician's report and medical records were relevant to the administrative appeal and should have been submitted prior to the final decision. Additionally, as the Court discussed at length in its Order (Dkt. #29), AIG's failure to immediately disclose an appeal-level report after the final decision did not deprive Plaintiff a full and fair review.  Therefore, the Court finds no reason to alter or amend its previous judgment.

Finally, Plaintiff requests the Court to reconsider the standard of review it applied to AIG's decision.  The Court thoroughly addressed this issue in the order granting Defendants' motion for summary judgment and finds no reason to reconsider this issue.  Plaintiff has not clearly established either a manifest error of law or fact and essentially raises the same arguments which were made before the judgment issued.

## Conclusion

For these reasons, the Court does not find any grounds to alter or amend its judgment. Thus, Plaintiff's Motion for New Trial and Rehearing (Dkt. #31) is DENIED.

It is so ORDERED.

Signed this 4th day of October, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE